ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| PABLO ESTÉVEZ GONZÁLEZ, JUAN J. ROSADO MÉNDEZ<br><br>Recurrentes<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500262 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br><br>Sobre: Regla 9 del Reglamento 9221 del 8 de octubre de 2020 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez[1].

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparecen los señores, Pablo Estévez González y Pablo J. Rosado Méndez (en adelante Sr. Estévez y Sr. Rosado o recurrentes), quienes actualmente se encuentran bajo la custodia del Departamento de Corrección y Rehabilitación, mediante un recurso de revisión judicial. Los recurrentes solicitan que se deje sin efecto la extensión de la Regla 9 sobre suspensión de privilegios por medidas de seguridad al amparo del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9221 de 8 de octubre de 2020. Arguyen que los privilegios suspendidos no afectan la seguridad institucional y que, por el contrario, su restricción perjudica la implementación de su Plan Institucional.

I.

---

[1] Conforme la DJ2024-062C del 6 de mayo de 2025, mediante la cual se asignó la integración de la Juez Glorianne M. Lotti Rodríguez al Panel XII.

NÚMERO IDENTIFICADOR

SEN2025_____

El 24 de marzo de 2025, la Oficina del Superintendente por conducto del Sr. Víctor Maldonado Vázquez, Superintendente de la Institución Bayamón 501, notificó el documento *Aplicación de la Regla 9* a los confinados que ocupan la Unidad de Vivienda I-C, por haber ocurrido una muerte sospechosa, y por haber ocupado contrabando por hechos ocurridos el 23 de marzo de 2025. En virtud de la Regla 9 del Reglamento Núm. 9221, *supra*, sobre suspensión de privilegios por medidas de seguridad, se les suspendieron a los confinados los siguientes privilegios: (1) la recreación activa; (2) las visitas; (3) el acceso a la comisaría, con excepción de los artículos de aseo personal; (4) la entrega de correspondencia regular, excluyendo la legal; y (5) la participación en actividades extracurriculares.

Posteriormente, el 31 de marzo de 2025 la Oficina del Superintendente por conducto del Sr. Víctor Maldonado Vázquez notificó el documento titulado *Extensión Regla 9 suspensión de privilegios por medidas de seguridad.* Mediante dicho documento se les notificó a los confinados de la Unidad de Vivienda I-C que, el 31 de marzo de 2025, el Oficial Examinador Andrés Martínez de la División Legal del Departamento de Corrección declaró con lugar la solicitud de aplicación de Regla 9, impuesta el 23 de marzo de 2025. A esos efectos, se ordenó la extensión de la privación de los privilegios suspendidos por la Regla 9, por un término de sesenta (60) días calendarios. La medida sería efectiva del 1 de abril hasta el 30 de mayo de 2025. Dicha extensión fue motivada por el registro llevado a cabo por oficiales de la institución junto al supervisor el 28 de marzo de 2025, en el que se ocuparon teléfonos celulares y sustancias controladas.

Los recurrentes alegaron haber enviado, el 8 de abril de 2025, una *Solicitud de Reconsideración* al amparo del Reglamento Núm. 9221, *supra*, tanto por correo electrónico como por correo certificado. Sin embargo, en el recurso de revisión administrativa no se incluyó evidencia que acreditara dicho envío por ninguno de esos medios.

Inconforme con la determinación del Oficial Examinador de extender la suspensión de privilegios, el 2 de mayo de 2025, presentaron el recurso de autos. En su escrito, los recurrentes plantearon que el Departamento de Corrección y Rehabilitación incurrió en los siguientes errores:

**Primer error:**
Erró la Administración de Corrección por conducto de sus funcionarios al aplicar una Regla 9 sin el de[b]ido proceso de ley.

**Segundo error:**
Erró la Administración de Corrección por conducto de sus funcionarios al emitir una Resolución defectuosa no tiene determinación de derecho ni determinación de hechos.

II.

A.

El Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, *supra*, se aprobó en virtud del Plan de Reorganización del Departamento de Corrección y Rehabilitación, Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, 3 LPRA Ap. XVIII. En ese sentido, dicho reglamento establece la estructura disciplinaria para los miembros de la población correccional, en cumplimiento con la política pública de modificación de conducta orientada en la rehabilitación, y no con fines punitivos. Reglamento Núm. 9221, *supra,* pág. 1. En lo pertinente, la Regla 9 del precitado reglamento establece lo siguiente:

Regla 9 - Suspensión de Privilegios por Medida de Seguridad

1. El superintendente de la institución correccional podrá suspender los privilegios, sin celebración de vista administrativa, por un periodo de tiempo que no exceda de diez (10) días calendarios, en aquellas circunstancias que atenten contra la seguridad institucional. El Superintendente no podrá extender el término expresamente dispuesto en este inciso. Bajo ninguna circunstancia, esta disposición podrá ser utilizada por el Superintendente de la institución correccional como medida disciplinaria.

2. Queda prohibida la cancelación del privilegio de visita a un grupo, unidad de vivienda, edificio o institución como una

medida disciplinaria. **Sin embargo, esto no impedirá la suspensión de este privilegio cuando existan otras razones que no sean de índole disciplinario que así lo requieran y que estén en total acorde con las circunstancias específicamente establecidas para afianzar la seguridad. En estos casos, deberá entenderse que la suspensión de privilegios responde estrictamente a una medida de seguridad y no a una medida disciplinaria.** (Énfasis nuestro).

3. El superintendente deberá notificar por escrito a la Oficina de Asuntos Legales la acción tomada dentro del próximo día laborable de haber tomado la acción. El Director de la Oficina de Asuntos Legales o su representante, referirá el asunto a la Oficina de Investigaciones del Sistema Correccional (OISC). La investigación será conducida por la Oficina de Investigaciones del Sistema Correccional (OSIC), con el propósito de determinar si existe justa causa para extender la suspensión de privilegios por razones de seguridad. Los privilegios podrán ser suspendidos por razones de seguridad, bajo una de las siguientes circunstancias:

   a. En casos de motín, fuga, disturbio, su tentativa o cualquier otra actividad o evento que ponga en riesgo la seguridad, la tranquilidad o el funcionamiento institucional. Esto incluye, pero sin limitarse a, cualquier amenaza contra la integridad física o la propiedad de un miembro de la población correccional, o cualquier otra persona, o contra la seguridad de la institución correccional.

   b. Cuando ocurra una agresión a un miembro de la población correccional y la misma sea ejecutada por seis (6) o más miembros de la población correccional.

   c. Cuando un módulo o unidad de vivienda de la institución correccional se niegue o se resista a someterse a las pruebas de detección de sustancias controladas, alcohol o cualquier otra prueba que se utilice para estos propósitos o impida que pueda llevarse a cabo dicha prueba.

d. **Cuando ocurran hallazgos de cualquier contrabando peligroso, tal como armas de fuego, sustancias controladas, artefactos explosivos o cualquier otro material prohibido por ley o reglamento.** (Énfasis nuestro).

4. **La Oficina de Disciplina de Confinados calendarizará una vista administrativa que será presidida por un Oficial Examinador con el propósito de determinar la existencia de justa causa para extender la aplicación de la medida de seguridad, así como la cantidad de días por lo que se extenderá la misma. Dicha vista será celebrada antes del cumplimiento de los diez (10) días calendarios de tomada la acción o medida de seguridad. De lograrse el cese de la circunstancia que originó que se afectar[a] la seguridad institucional antes de cumplirse el máximo de diez (10) días autorizados para la aplicación, el superintendente, deberá de inmediato dejar sin efecto la medida impuesta, notificando su acción a la Oficina de Disciplina de Confinados.** (Énfasis nuestro).

En relación con lo anterior, la Regla 4 del Reglamento Núm. 9221, *supra*, define "medidas disciplinarias" como la "determinación del Oficial Examinador impuesta al miembro de la población con posterioridad a la celebración de la vista disciplinaria administrativa como resultado de encontrarse incurso en la comisión de uno o más actos prohibidos" por dicho reglamento. Asimismo, "contrabando" significa "cualquier artículo en posesión de un miembro de la población correccional que no sea suministrado o autorizado por el Departamento de Corrección y Rehabilitación". A su vez, dicho reglamento define "resolución u orden" como "cualquier decisión o acción del Oficial Examinador, de aplicación particular que adjudique derechos u obligaciones a un miembro de la población, o que imponga medidas administrativas". De manera que, una "orden o resolución" pone fin al procedimiento disciplinario administrativo, produce efectos sustanciales

sobre la parte y resuelve en su totalidad las controversias planteadas ante la Agencia.

B.

La jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018 (2022); *Metro Senior v. AFV,* 209 DPR 203, 209 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Es norma reiterada en nuestro ordenamiento jurídico que, las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión judicial del Tribunal de Apelaciones. *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio y otros,* 211 DPR 738, 745 (2023).

Un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del ente recurrido, o sea, que aún no ha sido finalmente resuelta, se conoce como un "recurso prematuro". Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Yumac Home Furniture v. Empresas Massó,* 194 DPR 96, 97 (2015).

A esos efectos, "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones [...]". Sec. 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672. De ordinario esta revisión judicial procede una vez se adjudican todas las controversias pendientes ante la agencia y concluyen los trámites administrativos.

En materia de revisión judicial sobre órdenes o resoluciones administrativas, es claro el estándar de revisión y la deferencia que habremos de concederle a las agencias. Ello así, debido a que las Agencias e Instrumentalidades Administrativas poseen una vasta experiencia y el

conocimiento especializado en los asuntos que atienden. *Pacheco v. Estancias de Yauco*, 160 DPR 409, 432 (2003); *Rivera Concepción v. ARPE*, 152 DPR 116, 122 (2000). En su consecuencia, es limitada nuestra intervención como revisores judiciales de una decisión administrativa. Sólo procedemos a determinar si la actuación administrativa fue una razonable y cónsona con el propósito legislativo o si por el contrario fue irrazonable, ilegal o medió abuso de discreción. *Mun. de San Juan v. JCA*, 149 DPR 263, 280 (1999); T. *Jac, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999). Ante una petición para revisar una determinación administrativa, nos corresponde analizar si, conforme al expediente administrativo: 1) el remedio concedido fue razonable; 2) las determinaciones de hechos están razonablemente sostenidas por la prueba; y 3) las conclusiones de derecho del organismo administrativo son correctas. *P.R.T.C. v. Junta Reglamentadora de Telecomunicaciones*, 151 DPR 269, 281 (2000).

III.

Los recurrentes solicitan la revisión de la extensión de la suspensión de privilegios por medidas de seguridad que contempla la Regla 9 del Reglamento Núm. 9221, *supra*. Según consta del expediente, la suspensión de privilegios a los confinados que residen en la Vivienda I-C corresponde a un registro realizado el 28 de marzo de 2025, donde ocuparon teléfonos celulares y sustancias controladas.

Es decir, como consecuencia del hallazgo de contrabando, el Oficial Examinador ordenó la extensión de la suspensión de privilegios conforme a la Regla 9 del precitado reglamento. Al respecto, resulta pertinente destacar que la determinación de la cual recurre el Sr. Estévez y el Sr. Rosado constituye una medida de seguridad, y no a una medida disciplinaria al amparo del Reglamento Núm. 9221, *supra*. Pues, la "medida disciplinaria" es la decisión que toma el Oficial Examinador después de celebrar la vista disciplinaria administrativa, cuando determina que un miembro de la

población ha cometido uno o más actos prohibidos por el reglamento. Por su parte, una "resolución" u "orden" se entiende como cualquier decisión o acción del Oficial Examinador dirigida a una persona en particular, que establezca derechos u obligaciones o imponga medidas administrativas.

De modo que, no nos encontramos ante una resolución final como parte de un procedimiento disciplinario incoado en contra de los recurrentes. Por ello, estamos impedidos como foro apelativo intermedio de pasar juicio sobre la determinación aquí recurrida.

**IV.**

Por los fundamentos que anteceden, se *desestima* el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones